```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :   CONSENT PRELIMINARY ORDER
                                   :   OF FORFEITURE/
        -v.-                       :   MONEY JUDGMENT
                                   :
QUIRINO ERNESTO PAULINO CASTILLO,  :   S7 04 Cr. 1353 (KMW)
   A/K/A "El Don,"                 :
                                   :
                Defendant.         :
- - - - - - - - - - - - - - - - - x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/14

WHEREAS, on or about April 7, 2005, QUIRINO ERNESTO PAULINO CASTILLO, a/k/a "El Don" (the "defendant"), among others, was charged in a five-count Superseding Indictment, S7 04 Cr. 1353 (KMW) (the "Indictment") with participating in a conspiracy to import more than 5 kilograms of cocaine into the United States, in violation of 21 U.S.C. § 963 (Count One); participating in a conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count Two); participating in a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Three); participating in a conspiracy to import more than 5 kilograms of cocaine into the United States, in violation of 21 U.S.C. § 963 (Count Four); distributing more than 5 kilograms of cocaine with the intent that it be imported into the United States, in violation of 21 U.S.C. §§ 952, 959(a)(1), (a)(2) and (c), 960(a)(3) and (b)(1)(B), and 18 U.S.C. § 2 (Count Five);

1

WHEREAS, the Indictment included a forfeiture allegation seeking forfeiture to the United States, pursuant to 21 U.S.C. § 853, of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violation and any and all property used or intended to be used to facilitate the commission of the violations alleged in Counts One and Two of the Indictment, including but not limited to, the following: approximately $7,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offense(s), for which the defendants are jointly and severally liable with any and all co-conspirators;

WHEREAS, on or about February 7, 2008, the defendant pled guilty to Counts One through Five of the Indictment, pursuant to a plea agreement with the Government wherein he agreed to forfeit (i) a sum of money equal to $14.5 million in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts One and Two of the Indictment; and (ii) all right, title and interest of the defendant in the following specific property: approximately $690,000 in United States currency, representing the proceeds from the sale of a 2002 Eurocopter/Colibri EC 120B Helicopter, tail number N750PG (which constitutes or derives from proceeds

of the offenses alleged in Counts One and Two and/or was used or intended to be used to facilitate the commission of the offenses alleged in Counts One and Two of the Indictment), including but not limited to: (A) approximately $179,398.49 in United States currency, seized from account number 131365705, held in the name of Importadora Fenix, S.A. at Ocean Bank, Miami, Florida; and (B) approximately $150,000 deposited into the Court Registry of the United States District Court for the Southern District of Florida, in connection with case no. 05-22053, filed Joaquin Ruiz Flaquer (items (A) and (B) together are the "Specific Property");

WHEREAS, in or around 2009, the Government transferred its right to collect against the $14.5 million money judgment described in the preceding paragraph (item (i)), or its equivalent in property or other assets, to the Dominican Republic in recognition and consideration of the substantial assistance and cooperation that the Dominican Republic provided to this Office in the investigation and prosecution of this case; and

WHEREAS, the defendant agrees to the entry of a Money Judgment in the amount of $690,000 in United States currency representing the proceeds from the sale of a 2002 Eurocopter/Colibri EC 120B Helicopter, tail number N750PG (the

"Money Judgment"), and to forfeit all of his right, title and interest in the Specific Property;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney, Preet Bharara, United States Attorney, Assistant United States Attorneys Christian R. Everdell and John O'Donnell, of counsel, and the defendant, and his counsel, Lawrence F. Ruggiero, Esq. that:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $690,000 in United States currency shall be entered against the defendant.

2. As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853, and the Money Judgment shall be reduced by the total value of the Specific Property forfeited by Final Order.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant,

QUIRINO ERNESTO PAULINO CASTILLO, a/k/a "El Don," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

   4. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

   5. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

   6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's

alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9. Payment on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate

the defendant's name and case number. Payment shall be received by the sentencing date.

10. Upon execution of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney

Sharon Cohen Levin, Chief of the Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

14. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____         1/23/14
    CHRISTIAN R. EVERDELL                    DATE
    JOHN O'DONNELL
    Assistant United States Attorneys
    (212) 637-2556/2527

QUIRINO ERNESTO PAULINO CASTILLO, a/k/a "El Don," DEFENDANT

By: _____         01/23/14
    QUIRINO ERNESTO PAULINO CASTILLO         DATE

By: _____         1/22/14
    LAWRENCE F. RUGGIERO, ESQ.               DATE
    167 East 61st Street, Suite 17E
    New York, NY 10021
    T: 212 406 2910

SO ORDERED:

_____              1-23-14
HONORABLE KIMBA M. WOOD                      DATE
UNITED STATES DISTRICT JUDGE