USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
            :
UNITED STATES OF AMERICA      :   FINAL ORDER
                              :   OF FORFEITURE
       -v.-                   :
                              :   S7 04 Cr. 1353 (KMW)
QUIRINO ERNESTO PAULINO CASTILLO,
    A/K/A "El Don,"           :

            Defendant.        :
- - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 7, 2005, QUIRINO ERNESTO PAULINO CASTILLO, a/k/a "El Don" (the "defendant"), among others, was charged in a five-count Superseding Indictment, S7 04 Cr. 1353 (KMW) (the "Indictment") with participating in a conspiracy to import more than 5 kilograms of cocaine into the United States, in violation of 21 U.S.C. § 963 (Count One); participating in a conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count Two); participating in a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Three); participating in a conspiracy to import more than 5 kilograms of cocaine into the United States, in violation of 21 U.S.C. § 963 (Count Four); distributing more than 5 kilograms of cocaine with the intent that it be imported into the United States, in violation of 21 U.S.C. §§ 952, 959(a)(1), (a)(2) and (c), 960(a)(3) and (b)(1)(B), and 18 U.S.C. § 2 (Count Five);

WHEREAS, the Indictment included a forfeiture allegation seeking forfeiture to the United States, pursuant to 21 U.S.C. § 853, of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violation and any and all property used or intended to be used to facilitate the commission of the violations alleged in Counts One and Two of the Indictment, including but not limited to, the following: approximately $7,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offense(s), for which the defendants are jointly and severally liable with any and all co-conspirators;

WHEREAS, on or about February 7, 2008, the defendant pled guilty to Counts One through Five of the Indictment, pursuant to a plea agreement with the Government wherein he agreed to forfeit (i) a sum of money equal to $14.5 million in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts One and Two of the Indictment; and (ii) all right, title and interest of the defendant in the following specific property: approximately $690,000 in United States currency, representing the proceeds from the sale of a 2002 Eurocopter/Colibri EC 120B Helicopter, tail number N750PG (which constitutes or derives from proceeds of the offenses alleged in Counts One and Two and/or was used or

intended to be used to facilitate the commission of the offenses alleged in Counts One and Two of the Indictment), including but not limited to: (A) approximately $179,398.49 in United States currency, seized from account number 131365705, held in the name of Importadora Fenix, S.A. at Ocean Bank, Miami, Florida; and (B) approximately $150,000 deposited into the Court Registry of the United States District Court for the Southern District of Florida, in connection with case no. 05-22053, filed Joaquin Ruiz Flaquer (items (A) and (B) together are the "Specific Property");

WHEREAS, in or around 2009, the Government transferred its right to collect against the $14.5 million money judgment described in the preceding paragraph (item (i)), or its equivalent in property or other assets, to the Dominican Republic in recognition and consideration of the substantial assistance and cooperation that the Dominican Republic provided to this Office in the investigation and prosecution of this case; and

WHEREAS, on or about January 23, 2014, the Court signed a Consent Preliminary Order of Forfeiture/Money Judgment, attached hereto as Exhibit A, (i) imposing against the defendant a money judgment in the amount of $690,000 in United States currency (the "Money Judgment"), representing the proceeds from the sale of a 2002 Eurocopter/Colibri EC 120B Helicopter, tail

number N750PG (the "Money Judgment"); and (ii) forfeiting all of the defendant's right, title and interest in the Specific Property;

  WHEREAS, the provisions of 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of notice of forfeiture and of the Government's intent to dispose of the forfeited property before the United States can have clear title to the forfeited property;

  WHEREAS, notice of forfeiture was posted on an official Government Internet site (www.forfeiture.gov) for at least thirty consecutive days, beginning on June 3, 2014. Proof of such publication was filed with the Clerk of the Court on August 6, 2014, a copy of which is attached hereto as Exhibit B;

  WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of the forfeiture as set forth in 21 U.S.C. § 853(n)(2);

  WHEREAS, thirty (30) days have expired since final publication of notice and no petitions to contest the forfeiture of the Specific Property have been filed;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to 21 U.S.C. § 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service shall take possession of the Specific Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853(h).

4. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____          9-2-14
HONORABLE KIMBA M. WOOD                   DATE
UNITED STATES DISTRICT JUDGE